UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TONY LEE SMITH,** | ) |
| Petitioner, | ) |
| v. | ) Case No.: 1:24-cv-234-AMM-JHE |
| **WARDEN WILLIAM STREETER,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Tony Lee Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On March 3, 2025, the magistrate judge entered a report recommending the court grant the respondent's motion for summary dismissal and dismiss the claims in the petition with prejudice. Doc. 24. Mr. Smith filed timely objections. Doc. 27.

**A. Time Barred Claims**

Mr. Smith objects to the procedural history set out in the report and recommendation. He notes that on August 4, 2006, he was sentenced to twenty years in prison with no time suspended in case CC-2005-2209. Doc. 27 at 1; Doc. 12-2 at 18–19. Mr. Smith asserts that the twenty-year sentence was "split" on September 22, 2020, concurrent with the split sentence imposed in case CC-2018-1870. Doc. 27 at 1; Doc. 12-2 at 18–19. The report and recommendation attributes the "split" sentence

imposed in case CC-2005-2209 to the original sentence. *See* Doc. 24 at 1. Mr. Smith correctly clarifies that the 2006 original sentence was a "straight" sentence, and the "split" sentence was imposed at resentencing. *See* Doc. 27 at 1.

However, this distinction has no bearing on the timeliness of Mr. Smith's habeas petition. Mr. Smith was re-sentenced in case CC-2005-2209 on September 22, 2020, Doc. 12-5 at 1–3, and he did not appeal the resentencing, Doc. 24 at 7. With exceptions not relevant here, 28 U.S.C. § 2244 provides a one-year statute of limitations for habeas claims brought pursuant to Section 2254. As discussed in the magistrate judge's report and recommendation, the one-year limitations period began to run on November 4, 2020, forty-two days after Mr. Smith's conviction and sentence became final. Doc. 24 at 7–8. Thus, Mr. Smith had until November 4, 2021, to file a federal habeas petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). Because he did not, the period for filing expired absent an exception to this general rule. As the magistrate judge explained, there are no applicable exceptions to the statute of limitations in this case. *See* Doc. 24 at 7–9. Accordingly, Mr. Smith's objection on this ground is **OVERRULED**.

### B. Claims Considered on the Merits

Mr. Smith also objects to the magistrate judge's conclusion that he is not entitled to habeas relief on his claim that his right to due process was violated because he did not receive a written order of probation. Doc. 27 at 2. Mr. Smith argues, "It is

2

incomprehensible how the trial court's failure to perform a ministerial act equates to invited error by Petitioner." Doc. 27 at 2. His objection simply rehashes the claims in his petition. Critically, Mr. Smith's objection does not point to anything in the record that would overcome the deference afforded decisions by the Alabama Court of Criminal Appeals or that would undermine the ACCA's reasoning for rejecting these claims on the merits. Consequently, this court cannot find that the ACCA's decision was contrary to or involved an unreasonable application of clearly established federal law, or that the ACCA's decision was based on an unreasonable determination of the facts in the light of the evidence presented in the underlying state court proceedings. *See* 28 U.S.C. §2254(d)(1)–(2).

Mr. Smith further objects to the procedural history set out in the magistrate judge's report and recommendation. Doc. 27 at 3. In the report and recommendation, the magistrate judge notes that Mr. Smith filed a Rule 32 petition raising the lack of a written order of probation and his due process violation argument. Doc. 24 at 12–13. The ACCA reversed and remanded the trial court's summary denial of the Rule 32 petition, finding that the trial court should have, instead, dismissed the petition without prejudice because it challenged three separate judgments in a single petition. Doc. 12–18. The magistrate judge's report and recommendation notes that Mr. Smith "did not file any further Rule 32 petitions following the ACCA's decision." Doc. 24 at 13. Mr. Smith contends that he filed a Rule 32 Petition in case CC-2005-2209 on

May 15, 2024, and a Rule 32 petition in case CC-2018-1870 on June 4, 2024. Doc. 27 at 3. Mr. Smith cites to his motion to hold his habeas petition in abeyance, in which he asks the court to hold the action in abeyance "while allowing petitioner leave to exhaust remedies available under Rule 32" of the Alabama Rules of Criminal Procedure.[1] Doc. 19 at 2. The motion to hold the action in abeyance was denied because Mr. Smith failed to identify a claim that he contended was both unexhausted and potentially meritorious. Doc. 23. The mere fact that Mr. Smith filed Rule 32 petitions does not undermine the ACCA's reasoning for rejecting his due process violation claims on the merits. Accordingly, Mr. Smith's objections on these grounds are **OVERRULED**.

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Smith's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with the recommendation, the court finds that the respondent's motion for summary dismissal is due to be granted and the claims in the petition are due to be dismissed with prejudice. A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable

---

[1] Mr. Smith did not include copies of any newly filed Rule 32 petitions or specifically set out in the motion that any such petitions had been filed. *See* Doc. 19.

jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up). This court finds that Mr. Smith's claims do not satisfy either standard.

**DONE** and **ORDERED** this 6th day of May, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE